UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE MAURICIO BARAHONA, | No. 2:15-cv-1180 KJM DB P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| ERIC ARNOLD, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner claims that his appellate counsel failed to raise meritorious claims and therefore he was denied the right to appeal.  Before the court is respondent's motion to dismiss.  Respondent contends the petition is untimely.  Also before the court are petitioner's motions for sanctions and to recuse the undersigned.  For the reasons set forth below, the undersigned recommends respondent's motion be granted and denies petitioner's motions for sanctions and for recusal.

**BACKGROUND**

On May 2, 2011, petitioner pled guilty to theft or unauthorized use of a vehicle and evading a police officer with reckless driving. (Lodged Document ("LD") 1 at 6.[1])  On May 11,

---

[1] Respondent lodged relevant portions of the state court record.  (See ECF No. 14.)

1

1  2011, a jury convicted petitioner of assault with a semiautomatic firearm upon a peace officer
2  (count three) and three counts of discharging a firearm in a grossly negligent manner. In
3  connection with count three, the jury found the firearm use allegation to be true. The jury also
4  found that Petitioner personally used a firearm in connection with the counts of discharging a
5  firearm in a grossly negligent manner. He was sentenced to a determinate state prison term of
6  twenty-nine years. (LD 1; LD 2 at 2-3.)

7  Petitioner appealed his conviction. Counsel appointed to represent petitioner on his
8  appeal filed a brief setting out the facts of the case and asking the court to review the record and
9  determine whether there were any arguable issues for appeal under People v. Wende, 25 Cal. 3d
10 436 (1979). On May 7, 2012, the California Court of Appeal, Third Appellate District, directed
11 the trial court to prepare a corrected abstract of judgment to reflect that count seven was felony
12 evading under Vehicle Code section 2800.2 and not receiving stolen property. In all other
13 respects, the judgment was affirmed. (LD 2 at 5.) Petitioner sought review in the California
14 Supreme Court, which was denied on July 11, 2012. (LD 3, 4.)

15 On February 24, 2015, Petitioner filed a Motion to Recall the Remittitur and reinstate his
16 appeal. The Court of Appeal denied the motion to recall the remittitur on March 5, 2015. (LD 5,
17 6.) Petitioner filed a petition for review in the California Supreme Court, which was denied on
18 May 13, 2015. (LD 7, 8.)

19 Petitioner filed the present action on June 1, 2015. Petitioner raises one claim. He
20 contends that because his appellate counsel failed to raise meritorious issues in his appeal, he was
21 denied the right to an appeal as of right. (Pet. (ECF No. 1) at 5.)

22                                    **MOTION TO DISMISS**

23 Respondent seeks dismissal of the petition because petitioner failed to file it within the
24 one year statute of limitations. (See ECF Nos. 18, 18.) Petitioner argues he should be entitled to
25 equitable tolling because he did not have an "appeal of right," had limited law library access, and
26 is proceeding pro se. (See ECF No. 15.)
27 ////
28 ////

2

I. **Legal Standards**

**A. Standards for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." The Court of Appeals for the Ninth Circuit construes a motion to dismiss a habeas petition as a request for the court to dismiss under Rule 4. See O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990). Accordingly, the court will review respondent's motion to dismiss pursuant to its authority under Rule 4.

In ruling on a motion to dismiss, the court "must accept factual allegations in the [petition] as true and construe the pleadings in the light most favorable to the non-moving party." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (quoting Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1030 (9th Cir. 2008)). In general, exhibits attached to a pleading are "part of the pleading for all purposes." Hartmann v. Cal. Dept. of Corr. and Rehab., 707 F.3d 1114, 1124 (9th Cir. 2013) (quoting Fed. R. Civ. P. 10(c)).

**B. Statute of Limitations**

The habeas statute's one-year statute of limitations provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Under subsection (d)(1)(A), the limitations period runs from the time a petition for certiorari to the United States Supreme Court was due, or, if one was filed, from the final decision by that court. Lawrence v. Florida, 549 U.S. 327, 339 (2007). Petitioner does not contend, and this court does not find, that any of the other provisions in section 2244(d)(1) for a later trigger date for the statute apply.

The limitations period is statutorily tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state petition is "properly filed," and thus qualifies for statutory tolling, if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). "The period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled—because it is part of a single round of habeas relief—so long as the filing is timely under California law." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010) (citing Evans v. Chavis, 546 U.S. 189, 191-93 (2006)); see also Carey v. Saffold, 536 U.S. 214, 216-17 (2002) (within California's state collateral review system, a properly filed petition is considered "pending" under section 2244(d)(2) during its pendency in the reviewing court as well as during the interval between a lower state court's decision and the filing of a petition in a higher court, provided the latter is filed within a "reasonable time").

The limitations period may be equitably tolled if a petitioner establishes "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). An extraordinary circumstance must be more than merely "'oversight, miscalculation or negligence on [the petitioner's] part.'" Waldron–Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (quoting Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008)). Rather, petitioner must show that some "external force" "stood in his way." Id. "The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." Lakey v. Hickman, 633 F.3d 782 (9th Cir. 2011) (citations and internal quotation marks omitted).

## II. Analysis

### A. Timeliness

Absent tolling, petitioner's petition was not timely under 28 U.S.C. § 2244(d)(1)(A). Petitioner's direct review concluded when the time expired to challenge the California Supreme Court's denial of review by filing a petition for a writ of certiorari with the United States Supreme Court. See Lawrence, 549 U.S. at 339. The California Supreme Court denied review on July 11, 2012. Any petition for a writ of certiorari was due ninety days later. Maes v. Chavez, 792 F.3d 1132, 1133 (9th Cir.), cert. denied, 136 S. Ct. 258 (2015). That ninety-day period expired on October 9, 2012. The one-year limitations period commenced running the following day, on October 10, 2012. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (commencement of limitations period excludes last day of period for seeking direct review, by application of Fed. R. Civ. P. 6(a)). It expired one year later on October 10, 2013.

Petitioner filed nothing to challenge his conviction until February 24, 2015, when he filed the Motion to Recall the Remittitur in the state appellate court. Regardless of whether or not that motion would qualify for statutory tolling, statutory tolling is unavailable because the motion was filed after the statute of limitations expired on October 10, 2013. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (Once the federal limitations period has expired, it may not be reinitiated by the filing of a state habeas petition, even if that habeas petition was timely under state law.) Therefore, petitioner's federal petition is untimely.

### B. Equitable Tolling

Petitioner is not entitled to equitable tolling. Petitioner must provide specific facts to show he was diligent and that some external force prevented his timely filing. Roy v. Lampert, 465 F.3d 964, 973 (9th Cir. 2006). Petitioner satisfies neither requirement. Petitioner waited well over two years to try to challenge the state court's denial of his appeal. Petitioner does not explain what he did during that time to pursue a challenge to his appeal. Petitioner has failed to establish he diligently sought relief. See Cervantes v. Rackley, No. 2:14-cv-2901 JAM KJN P, 2015 WL 2385260, at *4 (E.D. Cal. May 19, 2015) (nine-month delay does not demonstrate diligence);

////

1  Thomas v. Gipson, No. 1:12-cv-1059-AWI-JLT, 2013 WL 144249, at *7 (E.D. Cal. Jan. 11,
2  2013) (long periods of inactivity show lack of diligence).

3      Petitioner also fails to show he was prevented from timely filing due to an extraordinary
4  circumstance.  Petitioner mentions his limited law library access, need for the assistance of other
5  inmates, and ignorance of the law.  While the court is sympathetic to the difficulties faced by pro
6  se prisoners in understanding the law and meeting legal deadlines, library access and ignorance of
7  the law are not "extraordinary circumstances."  Rather, they are common to most prisoners.  Case
8  law is clear that law library access, the need for help, and ignorance of the law are not grounds for
9  equitable tolling.  See Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (limited access to law
10 library and a copier did not justify equitable tolling); Rasberry v. Garcia, 448 F.3d 1150, 1154
11 (9th Cir. 2006) (ignorance of the law does not constitute extraordinary circumstance); ; see also
12 Guizar v. Gipson, No. 1:11-cv-0962 AWI MJS HC, 2012 WL 2958248, at *8 (E.D. Cal. July 19,
13 2012) (collecting cases which find a lack of legal sophistication does not warrant equitable
14 tolling).

15     Petitioner relies on Brown v. Roe, 279 F.3d 742 (9th Cir. 2002) to argue that his pro se status
16 is grounds for equitable tolling.  However, the issue in Brown was not whether the petitioner was
17 entitled to equitable tolling.  Rather, the issue before the Court of Appeals was whether the
18 district court should have exercised its discretion to consider the petitioner's equitable tolling
19 argument that was raised for the first time in petitioner's objections to the magistrate judge's
20 findings and recommendations.  279 F.3d at 744.  The Court of Appeals considered the
21 petitioner's pro se status in ruling that the district court should have considered the petitioner's
22 argument.  Id. at 745.  The court did not express any opinion on the validity of the petitioner's
23 equitable tolling argument.  However, the Ninth Circuit has held that a prisoner's pro se status is
24 not an extraordinary circumstance justifying equitable tolling.  Chaffer v. Prosper, 592 F.3d 1046,
25 1049 (9th Cir. 2010).

26     Finally, the court considers petitioner's argument that the Wende procedure somehow runs
27 afoul of the procedures set forth in Anders v. California, 386 U.S. 638 (1967) and therefore he did
28 not have an appeal with legal representation.  As described above, the California Supreme Court

1 ruled in <u>Wende</u> that where appellate counsel is unable to identify any arguable issue to raise in a
2 defendant's first appeal as of right, she must file a brief summarizing the proceedings and the
3 facts. The appellate court must then "review the entire record to determine whether there is any
4 arguable issue." <u>See</u> People v. Kelly, 40 Cal. 4th 106 (2006). The California Supreme Court
5 adopted this <u>Wende</u> procedure to conform to the requirements of Anders. <u>People v. Wende</u>, 25
6 Cal. 3d 436, 441-42 (1979). In <u>Anders</u>, the United States Supreme Court held that appellate
7 counsel could withdraw from representation only where the following safeguards were followed:
8 (1) counsel requested withdrawal; (2) counsel filed a brief which referred "to anything in the
9 record that might arguably support the appeal;" (3) the appellant had the opportunity to raise any
10 points he chose; and (4) the appellate court, "after a full examination of the proceedings,"
11 determined the case was "wholly frivolous." <u>Anders</u>, 386 U.S. at 744.

12 Petitioner's argument that the <u>Wende</u> procedure in his case violated Anders is unsupported.
13 The United States Supreme Court has specifically held that the <u>Wende</u> procedure meets the
14 requirements identified in <u>Anders</u>. <u>Smith v. Robbins</u>, 528 U.S. 259, 284 (2000). The Court
15 further noted that if a prisoner felt his appellate attorney rendered ineffective assistance of
16 counsel by filing the <u>Wende</u> brief, his recourse was to file a petition for a writ of habeas corpus.
17 <u>Id.</u> at 284-85. Petitioner has never sought habeas relief in the state courts.

**REQUEST FOR SANCTIONS**

19 In his opposition, petitioner seeks an order to show cause why sanctions should not be
20 imposed upon respondent for filing this "frivolous motion." As described above, respondent's
21 motion has merit and the court finds respondent has not mislead the court in any way.
22 Petitioner's request for sanctions is denied.

**MOTION FOR RECUSAL**

24 Shortly after this case was reassigned to the undersigned, on August 12, 2016, petitioner
25 filed a motion for recusal. (ECF No. 20.) In his motion, and in a supplement filed on October 4,
26 2016, petitioner states that the undersigned's prior position as a Deputy Attorney General for the
27 State of California "creates an[] appearance of impropriety" because that office represents
28 respondent in this action. According to petitioner, the undersigned was employed in the criminal

division of the Attorney General's office and had a supervisory role overseeing the criminal appeals and writs section.  (ECF No. 21 at 1.)

Plaintiff's motion is considered pursuant to the standards set forth in 28 U.S.C. § 144 and § 455.  Specifically, section 144 provides in part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding[.]

Section 455 provides:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>>
>> . . .
>>
>> (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy[.]

"Under both recusal statutes, the substantive standard is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."  Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008) (internal quotations and citations omitted), abrogated on other grounds in Simmons v. Himmelreich, 135 S. Ct. 1843 (2016).  Although a judge must recuse herself from any proceeding in which these criteria apply, she must not simply recuse out of an abundance of caution when the facts do not warrant recusal.  Rather, there is an equally compelling obligation not to recuse where recusal in not appropriate.  See United States v. Holland, 519 F.3d 909, 912 (9th Cir.2008) ("We are as bound to recuse ourselves when the law and facts require as we are to hear cases when there is no reasonable factual basis for recusal.").

Petitioner cites <u>Williams v. Pennsylvania</u>, 136 S. Ct. 1899 (2016) as a basis for his motion. In <u>Williams</u>, the Court considered a decision of the Pennsylvania Supreme Court denying the petitioner relief on his conviction for first degree murder and death sentence. One justice of the Pennsylvania Supreme Court had been the district attorney who gave the official approval to seek the death penalty in the petitioner's case. The petitioner's motion for recusal of that justice had been denied. The Supreme Court held due process required the justice's recusal because the justice had "significant, personal involvement in a critical decision in [the petitioner's] case [that] gave rise to an unacceptable risk of actual bias." 136 S. Ct. at 1908.

In the present case, petitioner has incorrectly described the undersigned's previous position with the California Attorney General's Office. At no time during the undersigned's tenure at the Attorney General's Office was I employed in the criminal division. Rather, my tenure there was exclusively in the Natural Resources Law Section of that office. I had no involvement in petitioner's case during my time at the Attorney General's Office. Nor is there any basis for finding that my previous employment creates an "appearance of impropriety" in this case. Cf. <u>United States v. Masters</u>, 88 CR 0500, 1988 WL 79612, at *3  n. 2 (N.D. Ill. July 25, 1988) (no obligation for judge to recuse himself where he had served as the head of a large departmentalized agency and played no role in the investigation at issue). Therefore, there is no basis for recusal under section 455.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1. Petitioner's request (ECF No. 15) for an order to show cause why sanctions should not be imposed on respondent is denied;

2. Petitioner's motion for recusal (ECF No. 20) is denied; and

3. Good cause appearing, respondent's motion for an extension of time to file the reply (ECF No. 16) is granted.

Further, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (ECF No. 13) be granted and this action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 9, 2017

DLB:9
DLB1/prisoner-habeas/bara1180.mtd

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE